

1  Scott W. Horngren OSB No. 88060
   email: horngren@hk-law.com
2  Shay S. Scott OSB No. 93421
   email: sscott@hk-law.com
3  HAGLUND KELLEY HORNGREN JONES & WILDER LLP
   1800 One Main Place
4  101 S.W. Main Street
   Portland, Oregon 97204-3226
5  Phone: (503) 225-0777
   Facsimile: (503) 225-1257
6

   Not an Original Signature

7       Attorneys for Plaintiff

8

9

10              UNITED STATES DISTRICT COURT

11                  DISTRICT OF OREGON

12

13 **BUSE TIMBER & SALES, INC.**, a        )   Civil No. CV 10-112-HA
   Washington corporation,                 )
14                                         )
          Plaintiff,                       )   **DECLARATION OF RON SMITH IN**
15                                         )   **SUPPORT OF PROVISIONAL**
              v.                           )   **PROCESS**
16                                         )
   **NORTH PACIFIC GROUP, INC.**, an       )
17 Oregon corporation, and **EDWARD**      )
   **HOSTMANN, INC.**, Receiver,           )
18                                         )
          Defendants.
19
       I, Ron Smith, declare and state as follows:
20
       1.    I am the President and General Manager of Buse Timber &
21
   Sales, Inc.  I make this declaration based on my personal
22
   knowledge.  This declaration is made in support of plaintiff's
23
   Motion for Provisional Process by Writ of Attachment on lumber
24
   purchased from plaintiff during December 2009 and January 2010 by
25
   defendants North Pacific Group, Inc., and Edward Hostmann, Inc.
26

Page 1 -  DECLARATION OF RON SMITH

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\SWH\j15028.wpd

2. Defendant North Pacific Group, Inc., is an Oregon corporation, and defendant Edward Hostmann, Inc., is the court-appointed receiver for North Pacific Group, Inc., under an Order Appointing Receiver dated January 20, 2010 in <u>Wells Fargo Capital Finance, Inc. v. North Pacific Group, Inc., et al.</u>, Civ. No. 10-cv-00065-ST.

3. Plaintiff's complaint is not based on a consumer transaction, and provisional process is not sought against consumer goods.

4. To the best of my knowledge, the part of the property described above is located at the Baxter treating facility in Eugene in Lane County and part of the property may also be located in defendant North Pacific Group, Inc.'s facilities in Multnomah county, Oregon. The value of the property in plaintiff's estimation is $105,000.00.

5. Plaintiff's claim to provisional process is based on the attachment laws of the State of Oregon, particularly ORCP 84 A(2)(a). To the best of my knowledge, information, and belief, this action is one in which provisional process may issue.

6. A copy of ten (10) invoices for the lumber sold in December 2009 and January 2010 to defendant North Pacific Group, Inc., is attached and marked as Exhibit "A" to the Complaint and is by reference made part of this declaration. The invoices evidence the source of plaintiff's claim. In addition, other letters and commercial documentation exists to support plaintiff's claim and attempts, without success, to be paid timely.

Page 2 - DECLARATION OF RON SMITH

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\SWH\j15028.wpd

7. The property is not wrongfully detained by any person to plaintiff's knowledge.

8. No part of the property has been taken by a public authority for a tax, assessment, or fine to plaintiff's knowledge.

9. With the exception of the appointment of a receiver authorizing defendant Edward Hostmann, Inc., to have legal custody and control of defendant North Pacific Group, Inc., including authority to make payments and disbursements necessary to ensure continued operations of defendant North Pacific Group, Inc., no part of the property is otherwise held under execution, garnishment, or other legal or equitable process to plaintiff's knowledge.

10. Plaintiff believes that there is a substantial danger that defendants through other persons or their agents are intending to transfer or otherwise dispose of or conceal this personal property. Specially, plaintiff has learned that defendants are immediately planning to ship the property overseas. Defendants are planning to transfer the property out of state without paying plaintiff. Despite repeated requests, defendants refuse to pay the amount due.

11. Without restraint, defendants will attempt to transfer the property to other purchasers, innocent or otherwise, and will place the property beyond plaintiff's reach. Defendants have inadequate other assets or resources to pay plaintiff's claim and have been unwilling to pay the claim, although plaintiff has asked them repeatedly to do so. If the assets and property listed above

Page 3 - DECLARATION OF RON SMITH

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\SWH\j15028.wpd

are placed beyond plaintiff's reach, plaintiff will be unable to collect the claim on which the complaint is based.

12.  Plaintiff has an immediate need to obtain payment, as these proceeds are critical for plaintiff's immediate and continuing operations. The lumber industry is in the worst condition in decades and the loss of the $104,863.68 will significantly harm our business.

13.  There is no reasonable probability that defendants can establish a successful defense to plaintiff's underlying claim, and to plaintiff's knowledge, defendants have not asserted any defense because there are none. This is a simple breach of contract action in which defendants are plainly in default.

14.  Defendant North Pacific Group, Inc., is indebted to plaintiff in the sum of $104,863.68 together with interest thereon at the rate of 2% per month from the date of each outstanding invoice, and for plaintiff's costs and disbursements incurred herein, over and above all legal setoffs and counterclaims, on an express or implied contract for the payment of money for goods sold and delivered.

15.  Payment for the sums owing has not been secured by any lien, mortgage, or pledge on real or personal property.

16.  The sum stated above, for which the attachment is asked, is an actual bona fide amount due and owing from the defendants to plaintiff, and the attachment is not sought, nor is the action prosecuted, to hinder, delay, or defraud any creditor of defendants.

Page 4 - DECLARATION OF RON SMITH

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226

F:\SWH\j15028.wpd

17. I declare under penalty of perjury, that the foregoing is true and correct.

DATED this 2nd day of February, 2010.

*[signature]*
Ron Smith

Page 5 -   DECLARATION OF RON SMITH

HAGLUND KELLEY HORNGREN JONES & WILDER LLP
ATTORNEYS AT LAW
ONE MAIN PLACE
101 SW MAIN STREET, SUITE 1800
PORTLAND, OREGON 97204-3226